# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PRENTIS CORDELL JACKSON,<br><br>Petitioner,<br><br>v.<br><br>JOAN FABIAN, Minnesota Commissioner of Corrections,<br><br>Respondent. | Civil No. 09-845 (JRT/AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Prentis Cordell Jackson, #221762, Minnesota Correctional Facility, 5329 Osgood Avenue North, Stillwater, MN 55082, petitioner *pro se*.

Michael K. Walz, Assistant County Attorney, **OFFICE OF THE HENNEPIN COUNTY ATTORNEY**, Suite A-2000, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

This matter is before the Court on the objections of petitioner Prentis Cordell Jackson to a Report and Recommendation issued by United States Magistrate Judge Arthur J. Boylan on September 18, 2009. After a *de novo* review of those objections, *see* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b), the Court overrules the objections and adopts the Report and Recommendation for the reasons set forth below.

# BACKGROUND[1]

Prentis Jackson is a prisoner confined at the Minnesota Correctional Facility in Stillwater, Minnesota. (Petition for Writ of Habeas Corpus at 1, Docket No. 1.) In November 2006, he was convicted of first degree murder in Hennepin County District Court. (*See id.*) The trial court refused Jackson's request that the court give the jury an instruction regarding corroboration of accomplice testimony.[2] (*Id.* at 2.) He appealed, seeking "the reversal of his conviction on the basis that the district court declined to give the jury an accomplice corroboration instruction," and the Minnesota Supreme Court affirmed his conviction on April 10, 2008. *State v. Jackson*, 746 N.W.2d 894, 895 (Minn. 2008).

On April 13, 2009, Jackson filed a petition for habeas corpus with this Court, pursuant to 29 U.S.C. § 2254. (Docket No. 1.) The petition and accompanying

---

[1] The factual and procedural record of this case is detailed in the Magistrate Judge's Report and Recommendation (Docket No. 16). The Court here repeats only those details relevant to consideration of Jackson's objections.

[2] The three "accomplices" who testified against Jackson at trial testified that they were in a vehicle with Jackson immediately before he left the vehicle and shot the victim. *State v. Jackson*, 746 N.W.2d 894, 896 (Minn. 2008). At trial, Jackson's "counsel requested that the district court give the jury an accomplice corroboration instruction. The court declined [Jackson's] request on the grounds that none of these parties would have been chargeable with the crime and that [Jackson] claimed he wasn't even present at the scene." *Id.* at 898 (internal quotation marks omitted). On appeal, Jackson argued "that the district court erred in declining to give the jury an accomplice corroboration instruction with respect to the testimony of [the three witnesses]. Under Minn. Stat. § 634.04 (2006), a defendant may not be convicted based 'upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense.'" *Id.* The Minnesota Supreme Court affirmed, concluding that there was no evidence that two of the three witnesses knew Jackson intended to kill the victim, and that even if the third witness were an accomplice, "the district court's failure to give the jury an accomplice corroboration instruction was harmless." *Id.* at 898-99.

memorandum of law allege that the trial court deprived Jackson of his constitutional right to due process of law and deprived him of his Fifth Amendment right to a fair trial by refusing to give the requested jury instruction. (Mem. in Supp. of Petition for Writ of Habeas Corpus at 4, Docket No. 2.) The Court referred the matter to the Magistrate Judge, who issued a Report and Recommendation on September 18, 2009. (Docket No. 16.) The Court granted Jackson's request for an extension of time to file his objections to the Report and Recommendation, and Jackson filed his objections on October 19, 2009. (Docket Nos. 18-19.)

## ANALYSIS

### I. STANDARD OF REVIEW

This Court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law limits the scope of this Court's authority to issue a writ of habeas corpus:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). In reviewing an application for a writ of habeas corpus in this context, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). Ordinarily, the applicant must first "exhaust[] the remedies available in the courts of the State" before a federal court will entertain a petition. *Id.* § 2254(b)(1)(A). This exhaustion requirement assures that state courts will have "an initial opportunity to pass upon and correct alleged violations of [the state's] prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

## II. EXHAUSTION

The Report and Recommendation concludes that Jackson failed to exhaust all available state court remedies because he did not present his federal constitutional claims to the state court on appeal.[3] (Report and Recommendation at 7-10, Docket No. 16.) It observes:

> Neither the statement of issues [that Jackson] presented [to the Minnesota Supreme Court] nor the ensuing written discussion explicitly indicate[s] that the accomplice corroboration challenge was based on federal law. There are no citations to the United States Constitution or federal case law

---

[3] Jackson concedes that the Minnesota Supreme Court did not address the federal claim he raises in the instant habeas petition. He argues that *Chapman v. California*, 386 U.S. 18 (1967), is the "controlling case" and provides the constitutional basis for his petition. (Mem. in Supp. at 8, 10, Docket No. 2.) Jackson recognizes that "[t]he state Supreme Court did not undertake even the slightest explicit analysis to support its view of the scope to be considered in applying *Chapman*," and "did not even apply the test that the *Chapman* court formulated for lower courts to" assess harmless error. (*Id.* at 8.) He notes the Minnesota Supreme Court's "failure even to cite *Chapman*." (*Id.* at 10.)

-4-

> for any proposition whatsoever in the appellant's brief, and . . . the supreme court did not expressly or implicitly recognize the existence of any claims for implications based on federal law. The matter was addressed solely in the context of Minn. Stat. § 634.04 and applicable Minnesota state case law, without acknowledgement of any arguable federal claim.

(*Id.* at 8.)

Jackson's objections to the Report and Recommendation do not dispute or even discuss the Magistrate Judge's conclusion that Jackson failed to exhaust his state court remedies. (Objections to Report and Recommendation, Docket No. 19.) Having considered the substance of the Magistrate Judge's determinations regarding exhaustion, the Court adopts the Report and Recommendation's analysis and conclusion that Jackson "did not fairly present his federal claim in state court and the claim is therefore unexhausted." (Report and Recommendation at 9, Docket No. 16.) The Court also adopts the Report and Recommendation's conclusion on the merits that Jackson failed to "show[] the existence of any pervasive federal right to a jury instruction on corroboration" under the circumstances present at Jackson's trial. (*Id.* at 9-10.)

## III. PROCEDURAL DEFAULT

The Report and Recommendation concludes that Minnesota's procedural rules would preclude a hearing on the merits of Jackson's habeas petition, and therefore Jackson has procedurally defaulted. (*Id.* at 10.) As a result, Jackson is procedurally barred from obtaining federal habeas relief, "unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

Jackson's objections to the Report and Recommendation do not challenge this conclusion and do not attempt to demonstrate "cause and actual prejudice" or "that a miscarriage of justice will occur" if this Court does not review the merits of Jackson's petition. (Objections to Report and Recommendation, Docket No. 19.) As the Report and Recommendation notes, Jackson "in this instance offers absolutely no explanation or cause for not explicitly alleging federal claims on direct appeal." (Report and Recommendation at 11, Docket No. 16.)

The Court adopts therefore the Magistrate Judge's conclusion that Jackson has procedurally defaulted his unexhausted claims and has failed to show why he should not be procedurally barred from obtaining federal habeas relief.

## IV. RENEWED MOTION TO APPOINT COUNSEL

The only argument Jackson raises in his objections to the Report and Recommendation is that Jackson does not have an understanding of the law and his "academic function level is below that of a 1st grader." (Objections to Report and Recommendation, Docket No. 19.) He "asks this Court to appoint counsel before further action is taken by this Court." (*Id.* at 2.) The Court construes this statement as a renewed motion to appoint counsel and denies the motion.

On April 13, 2009, Jackson filed a motion for appointment of counsel along with his habeas petition. (Docket No. 4.) On April 17, 2009, the Magistrate Judge issued an order denying the motion. (Docket No. 6.) The Magistrate Judge initially noted that indigent persons do not have a constitutional or statutory right to counsel in habeas

corpus proceedings. (*Id.* at 2.) The Magistrate Judge then considered the factors relevant to the court's exercise of discretion in deciding whether to appoint counsel, and concluded that "neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel." (*Id.*) For the reasons stated in the previous order, the Court denies Jackson's renewed motion to appoint counsel.

Accordingly, the Court overrules Jackson's objections and adopts the Magistrate Judge's Report and Recommendation.

## V. CERTIFICATE OF APPEALABILITY

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Federal district courts may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Jackson's petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Jackson's objections [Docket No. 19] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated September 18, 2009 [Docket No. 16]. **IT IS HEREBY ORDERED** that:

1. Jackson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED** with prejudice.

2. For the purposes of appeal, the Court does not grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 8, 2010  
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_  
JOHN R. TUNHEIM  
United States District Judge