# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Prentis C. Jackson,<br><br>    Petitioner,<br><br>v.<br><br>Joan Fabian,<br><br>    Respondent. | Civil No. 09-845 (JRT/AJB)<br><br>**MEMORANDUM AND ORDER** |

This case is presently before the Court pursuant to a self-styled post-judgment motion filed by the above named Petitioner. The motion is entitled "Pro se Motion for Stay of Proceedings and tolling of 1 year Time limit of Appeal, to VACATE the COURTS Judgement/ORDER Denying Relief, fed. R. CIV. PROC. 60b2, 70 Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 Hughs v. Rowe, 449 U.S. 5, 9, 101 SCT 173." (Docket No. 25.) For the reasons discussed below, Petitioner's motion will be DENIED.

## I. BACKGROUND

Petitioner, a Minnesota state prison inmate, commenced this action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition presented a single claim for relief, which pertained to a jury instruction on accomplice testimony that was <u>not</u> given during Petitioner's trial. According to Petitioner, the omission of that instruction deprived him of his constitutional right to due process.

The matter was referred to Magistrate Judge Arthur J. Boylan for a Report and Recommendation. The Magistrate Judge determined that Petitioner's habeas corpus claim has been procedurally defaulted, because (i) the omitted jury instruction was not challenged on <u>federal</u>

constitutional grounds in the state courts, (ii) Petitioner is now procedurally barred from returning to the state courts and raising a constitutional challenge to the omitted jury instruction, and (iii) Petitioner failed to demonstrate sufficient cause and prejudice, (or proof of actual innocence), to overcome his procedural default. The Magistrate Judge also determined, in the alternative, that Petitioner's jury instruction claim was without merit in any event. Therefore, the Magistrate Judge recommended that Petitioner's habeas corpus petition be dismissed with prejudice. (Report and Recommendation dated September 18, 2009; [Docket No. 16].)

Petitioner filed objections to the Magistrate Judge's Report and Recommendation, which prompted this Court to conduct a de novo review of the matter. The Court agreed with the Magistrate Judge's determination that (a) Petitioner's single habeas corpus claim is barred by procedural default, and (b) the claim is without merit in any event. Therefore, the Magistrate Judge's Report and Recommendation was adopted, and Petitioner's habeas corpus petition was dismissed with prejudice. (Order and Judgment entered on March 8, 2010; [Docket Nos. 21 and 22]).

On May 4, 2010, Petitioner filed his current post-judgment motion. Giving Petitioner's pro se motion the benefit of liberal construction, the Court finds that it presents two requests for relief. First, Petitioner is asking the Court to reconsider the order that dismissed his habeas corpus petition. Second, Petitioner is asking the Court to stay further proceedings in this case, and allow him to return to the state courts to present a brand new claim of ineffective assistance of counsel. Both of these requests must be denied.

A. Reconsideration Request

Because Petitioner is asking the Court to vacate the order and judgment that dismissed his

habeas corpus petition, his current motion can reasonably be construed as a motion for relief from judgment brought under Fed. R. Civ. P. 60(b). See Sanders v. Clemco Industries, 862 F.2d 161, 168-70 (8th Cir. 1988) (self-styled motions for reconsideration normally are construed to be brought under Fed. R. Civ. P. 59(e) or 60(b)).[1]

Petitioner contends that his habeas corpus petition should not have been dismissed based on procedural default, because he can show sufficient cause and prejudice to excuse his default. According to Petitioner, his habeas claim regarding the omitted jury instruction was not presented as a federal constitutional claim in the state courts because his attorney erred. He argues that his procedural default should be excused, because the "cause" of his default was ineffective assistance of counsel, and he suffered "prejudice" as a result of his attorney's alleged error.

Ineffective assistance of counsel can indeed serve as cause to excuse a procedural default, but only if the ineffective assistance claim itself has been fairly presented to the state courts as an independent challenge to the validity of the conviction at issue. In other words, "'a claim of ineffective assistance' [of counsel]... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004) ("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"); Wyldes

---

[1] Petitioner's motion could not have been brought under Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment"), because such motions must be filed "no later than 28 days after the entry of judgment." Petitioner's current motion was filed on May 4, 2010, which was 57 days after entry of judgment. Therefore, Petitioner's motion must be construed to be a Rule 60(b) motion, rather than a Rule 59(e) motion.

3

v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996).

Here, Petitioner has not presented any ineffective assistance of counsel claim to the Minnesota Supreme Court, (or any other court). Therefore, he cannot rely on an ineffective assistance of counsel argument to excuse his procedural default.

  B. Stay Request

Petitioner evidently anticipated the Court's initial ruling on his motion – i.e., that he cannot rely on ineffective assistance of counsel to excuse his procedural default, because he has not raised an ineffective assistance of counsel claim in the state courts. Therefore, Petitioner also seeks to have this action "stayed," while he attempts to present his ineffective assistance of counsel claim to the Minnesota state courts.

Petitioner's request for a stay appears to be based on the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). In that case, the Court held that, under certain narrowly prescribed circumstances, federal courts can stay, rather than dismiss, a "mixed" habeas corpus petition – i.e., a petition that presents both exhausted and unexhausted claims. The Court recognized that "stay-and-abeyance" might be appropriate in certain cases where the outright dismissal of a mixed petition could cause a prisoner to lose his opportunity for federal habeas review of his unexhausted claims, because of the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d). A stay might be appropriate, the Court ruled, where the statute of limitations had not expired before the prisoner filed his federal habeas petition, but the statute expired before the federal

4

district court found the petition to be a "mixed" one. In such a situation, the prisoner's unexhausted claims could be preserved for future federal court review, if the habeas case were stayed, (rather than dismissed), while the prisoner returned to state court and attempted to exhaust his previously unexhausted claims. The Supreme Court explained that –

> "Under this procedure, rather than dismiss the mixed petition pursuant to [Rose v.] Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."

Rhines, 544 U.S. at 275-76.

However, the "stay and abeyance" procedure authorized by Rhines is not available for every unexhausted claim. The Supreme Court has emphasized that:

> "[S]tay and abeyance should be available <u>only in limited circumstances</u>. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

Id. at 277 (emphasis added).

In this case, Petitioner apparently is seeking a Rhines stay-and-abeyance order, because he wants to present an ineffective assistance of counsel claim in the state courts. He apparently fears that if the present habeas case is not stayed, the one-year habeas statute of limitations will prevent him from seeking further federal habeas review of his conviction in the future. However, Petitioner's request for a stay order must be denied for three reasons.

First, Petitioner's request for a stay is simply too late. A final judgment has already been entered in this case, and Petitioner has not shown any good reason why the case should now be re-

5

opened. "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.), cert. denied, 488 U.S. 820 (1988). See also In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989) ("Rule 60(b)(6) does not give courts unlimited authority to fashion relief as they deem appropriate. Relief under the Rule is an extraordinary remedy.... It is not a substitute for other legal remedies. Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels.") (citations omitted). Petitioner could have presented his request for stay and abeyance before this action was dismissed, and he has not shown any good cause for his failure to do so. The judgment of dismissal in this case will not be set aside at this late date, merely because Petitioner failed to present his stay request before the case was dismissed.

Second, a Rhines stay is available only for "mixed petitions" – i.e., those that contain both exhausted and unexhausted claims. The stay option approved by Rhines allows habeas petitioners to return to state court to exhaust state court remedies for the unexhausted claims listed in a mixed habeas petition. Nothing in Rhines suggests that a habeas petitioner should be granted a stay so he can return to the state courts with brand new claims that were not listed in his original habeas petition. See Wilson v. Lamarque, 150 Fed.Appx. 719, 721, (9th Cir. 2005) (unpublished opinion) (stay request was properly denied where habeas petitioner "sought a stay to exhaust claims that were never properly presented to the district court"). Because Petitioner has never actually presented an ineffective assistance of counsel claim for federal habeas review, he is not entitled to a stay so he can pursue such a claim in the state courts and then return to federal court after exhausting his state

6

court remedies.[2]

Finally, Petitioner is not entitled to a stay, because his proposed ineffective assistance claim has no potential merit. Rhines clearly indicates that a stay should not be granted for a claim that is "plainly meritless." 544 U.S. at 277 (quoted at p. 5, supra). Here, Petitioner wants to pursue an ineffective assistance claim based on his attorney's failure to challenge the jury instructions on federal constitutional grounds. To succeed on that claim, Petitioner would have to show that his attorney was incompetent for not raising such a challenge, and that he was prejudiced by the attorney's alleged error. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (to succeed

---

[2] If Petitioner now attempted to amend his habeas petition to include a new ineffective assistance of counsel claim, that effort would have to be rejected, because any such new claim presented at this late date would be untimely. Petitioner's conviction was upheld by the Minnesota Supreme Court on April 10, 2008, (State v. Jackson, 746 N.W.2d 894 (Minn. 2008)), and his judgment of conviction became final 90 days thereafter, upon the expiration of the deadline for seeking certiorari review in the United States Supreme Court. Thus, the federal habeas statute of limitations, (28 U.S.C. § 2244(d)(1)), began to run in this case on or about July 9, 2008, and the limitations period expired on or about July 9, 2009. Petitioner filed his federal habeas petition on April 13, 2009, so the jury instruction claim presented in that petition was timely. However, Petitioner could not amend his petition any time after July 9, 2009, to present a new ineffective assistance of counsel claim, because the new claim would be time-barred. Moreover, Petitioner could not evade the statute of limitations by contending that his new claim "related back" to the date when he filed his original petition. As the Eighth Circuit Court of Appeals recently explained:

> "[P]ermitting relation-back risks 'eviscerat[ing] the AEDPA limitations period and thwart[ing] one of AEDPA's principal purposes,' which was to expedite federal habeas review.... [Citation omitted.] Courts rightly fear that permitting relation-back would allow petitioners to use an original petition as a placeholder, thereby indefinitely tolling the statute of limitations. The end result of such an approach would be an exception that threatens to swallow the entire rule. Accordingly, the district court properly determined that [the petitioner's] amended habeas petition could not relate back to the date his original petition was filed."

White v. Dingle, ___ F.3d ___, ___ (8th Cir. Aug. 13, 2010), 2010 WL 3190678 at *3. (In White, the petitioner was allowed to pursue claims that he did present in his original petition, but he was not allowed to use a "relation back" argument to present new claims that were otherwise time-barred.)

7

on a claim of ineffective assistance of counsel, a habeas petitioner must establish (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). However, this Court has already determined that Petitioner's constitutional jury instruction claim is without merit. (Order dated March 8, 2010, [Docket No. 21], at p. 5.) Petitioner could not sustain an ineffective assistance claim, based on his attorney's failure to raise a constitutional jury instruction claim that has no merit. Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991) ("counsel on direct appeal cannot be considered ineffective for having failed to argue a meritless issue"), cert. denied, 506 U.S. 835 (1992). Thus, the Court finds that Petitioner's proposed ineffective assistance of counsel claim is "plainly meritless." For this additional reason, Petitioner is not entitled to have the present habeas case stayed, while he pursues an ineffective assistance of counsel claim in the state courts.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's post-judgment motion entitled "Pro se Motion for Stay of Proceedings and tolling of 1 year Time limit of Appeal, to VACATE the COURTS Judgement/ORDER Denying Relief, fed. R. CIV. PROC. 60b2, 70 Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 Hughs v. Rowe, 449 U.S. 5, 9, 101 SCT 173," (Docket No. 25), is **DENIED**.

Dated: August 17, 2009

  s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Court Judge